### ADZI ADZIOVSKI *v.* FERIKANA ELEZOVSKI
### (AC 30286)

Bishop, DiPentima and Peters, Js.

Argued October 19—officially released December 8, 2009

*Tanya T. Dorman,* for the appellant (plaintiff).

*Robert F. Cohen,* with whom was *Sarah Ann Cohen,* for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Adzi Adziovski, appeals from the marital dissolution judgment awarding joint custody of the parties' minor child, Ersan, and placing primary residence of the child with the defendant, Ferikana Elezovski. We dismiss the appeal as moot.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. In 2007, the plaintiff filed a marital dissolution complaint in which he sought, inter alia, sole custody of the child, who was born on January 10, 2004. During the parties' separation until October, 2007, the child resided primarily with the defendant. On October 16, 2007, however, the defendant was deported to the Republic of Macedonia where she presently resides.[1] Thereafter, the child resided with the plaintiff during the pendency of the action. Therefore, at the time of the judgment on July 25, 2008, the plaintiff and the child were residing in Connecticut, while the defendant was residing in Macedonia. Evidence at trial indicated that both the plaintiff and the defendant had been born in Macedonia, and, although during their marriage both were living in the

---

[1] At trial, there was testimony that the defendant would be unable to apply to travel to the United States for at least ten years as a result of her deportation. There was also testimony that if primary residence of the child were to be awarded to the defendant in Macedonia, the plaintiff would be able to enter Macedonia to visit the child, but he would then be unable to return to the United States due to his undocumented immigration status.

United States, neither of the parties was a lawful resident.[2] Their child, however, was born in this country, and, consequently, he is a citizen of the United States. The marital dissolution judgment required that the child be returned to the plaintiff's care no later than August 20, 2008. He now resides with his mother in Macedonia.[3] At oral argument, counsel for the plaintiff informed the court that after filing this appeal, the plaintiff left the United States as well and is currently residing in Macedonia.

The plaintiff's appeal to this court relates to the trial court's custody order. As noted, at the hearing before this court, the plaintiff's counsel reported that the plaintiff now lives in Macedonia. When asked what practical relief this court could afford the plaintiff, both parties acknowledged that there was none, as both parties and the child now reside in Macedonia and neither party can readily return to the United States in the near future.

With these facts in mind, we address whether the plaintiff's appeal is reviewable by this court. "Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [a] court's subject matter jurisdiction . . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) *that the determination of the controversy will result in practical relief to the complainant.*" (Citation omitted; emphasis in original; internal

---

[2] The defendant came to the United States at the age of three and lived here until her deportation on October 16, 2007.

[3] Although the record does not reflect when the child relocated to Macedonia, it is clear from counsel's arguments that both parties and the child presently live in Macedonia.

quotation marks omitted.) *In re Jorden R.*, 293 Conn. 539, 555–56, 979 A.2d 469 (2009).

Concentrating on the fourth factor for justiciability, "[i]t *is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow.* . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." (Citation omitted; emphasis in original; internal quotation marks omitted.) Id., 556. "When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Loisel* v. *Rowe*, 233 Conn. 370, 378, 660 A.2d 323 (1995).

In this appeal, if the plaintiff were successful, the appropriate relief would be to reverse the judgment and to remand the case for further proceedings. Even if we were to do so, it is exceedingly unlikely that the trial court could further entertain the matter because neither party can reasonably be made available to appear in court to pursue their respective claims on remand. Because both parties and the child presently reside in Macedonia and both parents were previously in this country without lawful permit, return by either in the near term is extremely unlikely. Consequently, because this court cannot afford the parties any practical relief, the appeal is moot.

The appeal is dismissed.